Kirsten V. Mayer, MA BBO# 614567 (*pro hac vice*)
Kathryn E. Wilhelm, MA BBO# 682089 (*pro hac vice*)
Mark S. Gaioni, MA BBO# 688438 (*pro hac vice*)
Ropes & Gray, LLP
Prudential Tower, 800 Boylston Street
Boston, MA  02199-3600
(617) 951-7000
Kirsten.Mayer@ropesgray.com
Kathryn.Wilhelm@ropesgray.com
Mark.Gaioni@ropesgray.com

Lee Stein (#012368)
Anne M. Chapman (#025965)
MITCHELL | STEIN | CAREY, PC
One Renaissance Square
2 North Central Avenue, Suite 1900
Phoenix, AZ 85004
(602) 358-0292
Lee@mitchellsteincarey.com
Anne@mitchellsteincarey.com

Attorneys for Moving Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| UNITED STATED OF AMERICA, *ex rel.* AARON FISHER, RISA COHEN, JOHN GUTZWILLER, DEBRAH HARTMAN, CYNTHIA LIMON, AND CATHERINE NOWAK,<br><br>        Plaintiffs,<br><br>vs.<br><br>IASIS HEALTHCARE LLC, *et al.*,<br><br>        Defendants. | Case No. CV 15-00872-PHX-JJT<br><br>**DEFENDANTS' ANSWER AND ADDITIONAL/AFFIRMATIVE DEFENSES** |

1    Health Choice Arizona, Inc. ("Health Choice") and IASIS Healthcare LLC

2    ("IASIS") (together, "Defendants"), by their undersigned attorneys, hereby answer and

3    assert the following defenses to the Third Amended Complaint ("TAC") filed by

4    Relators Aaron Fisher, Risa Cohen, John Gutzwiller, Debrah Hartman, Cynthia Limon,

5    and Catherine Nowak ("Relators").

6    Defendants deny each and every allegation in the TAC not expressly admitted

7    herein. Any factual averment admitted herein is admitted only as to the specific facts and

8    not as to any conclusions, characterizations, implications, innuendos, or speculations that

9    are in any averment.

10   Moreover, the TAC contains purported quotations from a number of sources,

11   some of which are unidentified or inadequately identified.  If any of the quotations

12   originate in documents protected by the attorney-client privilege or the work-product

13   doctrine, Defendants reserve the right to assert such privileges, hereby move to strike

14   such references, and demand return of any such documents that Relators have in their

15   possession, custody, or control.

16   Finally, the Court's November 9, 2016 Order, ECF No. 109 (the "Order"),

17   dismissed certain claims alleged by Relators against Defendants.  The Order also

18   dismissed all other defendants named in the caption of this action (i.e., Health Choice

19   Management Co., Physician Group of Arizona, St. Luke's Behavioral Hospital, L.P., St.

20   Luke's Medical Center L.P., Mountain Vista Medical Center, L.P., Heritage

21   Technologies, LLC, Northern Arizona Dermatology Center P.C., North Country

22   Healthcare Inc., MOMDOC LLC, and Genesis OB/GYN, P.C.).  As to all allegations

23   regarding conduct by these parties, no response is required and, to the extent a response

24   is deemed required, Defendants state that they lack sufficient knowledge or information

25   to form a belief as to the truth or falsity of the allegations and therefore deny such

26   allegations.  Defendants state that they answer Relators' allegations on behalf of

27   Defendants only.

28

1

Defendants' response to each of the numbered paragraphs of the TAC is as follows:

<u>**INTRODUCTION**</u>

1.      There are no factual allegations in Paragraph 1 that require a response from Defendants.  To the extent a response is deemed required, Defendants state that the TAC speaks for itself.

<u>**JURISDICTION AND VENUE**</u>

2.      The allegations in Paragraph 2 state legal conclusions to which no response is required.

3.      Defendants deny the allegations in Paragraph 3, except they admit that each of the Relators has worked at Defendant Health Choice.  Defendants further state that to the extent the allegations in Paragraph 3 state legal conclusions, no response is required.

4.      The allegations in Paragraph 4 state legal conclusions to which no response is required.

5.      The allegations in Paragraph 5 state legal conclusions to which no response is required.

6.      The allegations in Paragraph 6 state legal conclusions to which no response is required.

<u>**PARTIES**</u>

*Relators*

7.      The allegations in Paragraph 7 state legal conclusions to which no response is required.  To the extent further response is deemed required, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore deny those allegations.

8.      The allegations in Paragraph 8 state legal conclusions to which no response is required.  To the extent further response is deemed required, Defendants lack

sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore deny those allegations.

9.      Defendants admit that as of the date of the Third Amended Complaint, Relator Fisher was employed at Health Choice with the title of Oral Health Dental Program Manager.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9 and, on that basis, deny them.

10.      Defendants admit that Relator Cohen was employed by Health Choice with the title of Medical Director of Health Choice.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10 and, on that basis, deny them.

11.      Defendants admit that Relator Gutzwiller was employed by Health Choice with the title of Senior Director of Medical Services.  The allegations in Paragraph 11 regarding Relator Gutzwiller's duties are vague and ambiguous, and Defendants deny them on that basis.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11 and, on that basis, deny them.

12.      Defendants admit that Relator Hartman was employed by Health Choice with the title of Senior Director for Quality Management.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12 and, on that basis, deny them.

13.      Defendants admit that Relator Limon was employed by Health Choice. The allegation that Relator Limon was employed as a "managerial level employee" is vague and ambiguous, and Defendants deny it on that basis.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13 and, on that basis, deny them.

14.      Defendants admit that Relator Nowak was employed by Health Choice with the title of Director of Utilization Review.  Defendants lack sufficient knowledge or

information to form a belief as to the truth or falsity of the allegations in Paragraph 14 and, on that basis, deny them.

15.     Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15 and, on that basis, deny them.

### *DEFENDANTS*

16.     Defendants state that IASIS's total annual net revenue and the location and size of IASIS's hospital facilities is available in its securities filings with the Securities and Exchange Commission, which speak for themselves.  Defendants deny all other allegations in Paragraph 16.

17.     Defendants admit that that Health Choice Arizona is a Medicaid managed health plan ("the Plan") operated by Health Choice Arizona, Inc., and that the Plan derives all of its revenue from a contract with the Arizona Health Care Cost Containment System ("AHCCCS").  Defendants admit that the Plan provides specified healthcare services to eligible Medicaid enrollees.  Defendants admit that Health Choice Arizona, Inc. is a wholly-owned subsidiary of IASIS Healthcare LLC.  Defendants deny all other allegations in Paragraph 17.

18.     No response is required to the allegations in Paragraph 18 because Health Choice Management Co. was dismissed with prejudice as a party to the above-captioned action per the Order.

19.     No response is required to the allegations in Paragraph 19 because Physician Group of Arizona was dismissed with prejudice as a party to the above-captioned action per the Order.

20.     No response is required to the allegations in Paragraph 20 because (a) St. Luke's Medical Center, L.P., St. Luke's Behavioral Hospital L.P., and Mountain Vista Medical Center, LP were dismissed with prejudice as parties to the above-captioned action per the Order; and (b) Relators never served the TAC upon St. Luke's Medical Center d/b/a Tempe St. Luke's Hospital, and it was thus never properly a defendant to this action.

21.     No response is required to the allegations in Paragraph 21 because Heritage Technologies, LLC was dismissed with prejudice as a party to the above-captioned action per the Order.

22.     No response is required to the allegations in Paragraph 22 because North Country Healthcare, Inc. was dismissed with prejudice as a party to the above-captioned action per the Order.

23.     No response is required to the allegations in Paragraph 23 because Northern Arizona Dermatology Center, PC was dismissed with prejudice as a party to the above-captioned action per the Order.

24.     No response is required to the allegations in Paragraph 24 because (a) MOMDOC, LLC was dismissed with prejudice as a party to the above-captioned action per the Order; and (b) Relators never served the TAC upon Drs. Goodman and Partridge, LLC, and it was thus never properly a defendant to this action.

25.     No response is required to the allegations in Paragraph 25 because Genesis OB/GYN, P.C. was dismissed with prejudice as a party to the above-captioned action per the Order.

## FEDERAL STATUTES AND REGULATIONS APPLICABLE TO DEFENDANTS' FALSE CLAIMS ACT VIOLATIONS

### *The Federal False Claims Act*

26.     The allegations in Paragraph 26 state legal conclusions to which no response is required.  The statute referred to in Paragraph 26 speaks for itself, and Defendants deny any characterizations thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 26.

27.     The allegations in Paragraph 27 state legal conclusions to which no response is required.  The statute referred to in Paragraph 27 speaks for itself, and Defendants deny any characterizations thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 state legal conclusions to which no response is required.  The statute referred to in Paragraph 28 speaks for itself, and Defendants deny any characterizations thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 28.

### The Anti-Kickback Statute

29.     No response is required because the Court dismissed with prejudice Relators' Claim for Relief arising under the Anti-Kickback Statute per the Order.  The allegations in Paragraph 29 further state legal conclusions to which no response is required.  The statute referred to in Paragraph 29 speaks for itself, and Defendants deny any characterizations thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 29.

30.     No response is required because the Court dismissed with prejudice Relators' Claim for Relief arising under the Anti-Kickback Statute per the Order.  The allegations in Paragraph 30 further state legal conclusions to which no response is required.  The statutes referred to in Paragraph 30 speak for themselves, and Defendants deny any characterizations thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 30.

31.     No response is required because the Court dismissed with prejudice Relators' Claim for Relief arising under the Anti-Kickback Statute per the Order.  The statute referred to in Paragraph 31 speaks for itself, and Defendants deny any characterizations thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 31.

32.     No response is required because the Court dismissed with prejudice Relators' Claim for Relief arising under the Anti-Kickback Statute per the Order.  The allegations in Paragraph 32 further state legal conclusions to which no response is required.  The statutes referred to in Paragraph 32 speak for themselves, and Defendants deny any characterizations thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 32.

33.     No response is required because the Court dismissed with prejudice Relators' Claim for Relief arising under the Anti-Kickback Statute per the Order.  The allegations in Paragraph 33 further state legal conclusions to which no response is required.  The statute referred to in Paragraph 33 speaks for itself, and Defendants deny any characterizations thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 33.

34.     No response is required because the Court dismissed with prejudice Relators' Claim for Relief arising under the Anti-Kickback Statute per the Order.  The allegations in Paragraph 34 further state legal conclusions to which no response is required.  The statute referred to in Paragraph 34 speaks for itself, and Defendants deny any characterization thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 34.

## FEDERAL GOVERNMENT HEALTH PROGRAMS

### *Medicare Managed Care*

35.     No response is required because the allegations in Paragraph 35 regarding Medicare Advantage are not relevant to the claims that remain following the Court's Order dismissing certain parties and counts with prejudice.  The Act referenced in Paragraph 35 and the statutory provisions it enacted speak for themselves, and Defendants deny any characterizations thereof.

36.     No response is required because the allegations in Paragraph 36 regarding Medicare Advantage are not relevant to the claims that remain following the Court's Order dismissing certain parties and counts with prejudice.  The statutory and/or regulatory provisions referenced in Paragraph 36 speak for themselves, and Defendants deny any characterizations thereof.

37.     No response is required because the allegations in Paragraph 37 regarding Health Choice Generations are not relevant to the claims that remain following the Court's Order dismissing certain parties and counts with prejudice. No response is

required because the Court dismissed with prejudice Relators' Claim for Relief arising under the Anti-Kickback Statute per the Order.

### *Federal Government Health Programs*

38.     The Act referenced in Paragraph 38 and the statutory provisions it enacted speak for themselves, and Defendants deny any characterizations thereof.

39.     The allegations in Paragraph 39 state legal conclusions to which no response is required.  The regulation referred to in Paragraph 39 speaks for itself, and Defendants deny any characterizations thereof.

40.     The allegations in Paragraph 40 state legal conclusions to which no response is required.  The statute referred to in Paragraph 40 speaks for itself, and Defendants deny any characterizations thereof.

41.     The allegations in Paragraph 41 state legal conclusions to which no response is required.  Arizona's CMS waiver approval and accompanying documents speak for themselves, and Defendants deny any characterizations thereof.  Defendants admit that Arizona applied for a continuation of its Section 1115 waiver.

42.     The allegations in Paragraph 42 state legal conclusions to which no response is required.  Defendants admit that the Federal Government keeps records of the Federal Medical Assistance Percentages ("FMAPs") on a state-by-state basis. Defendants further state that the FMAPs for FY 2014 and for FY 2015, including for Arizona, are publicly available in the Federal Register and those documents speak for themselves.

43.     The allegations in Paragraph 43 state legal conclusions to which no response is required.  The Form CMS 37 referred to in Paragraph 43 speaks for itself, and Defendants deny any characterizations thereof.

44.     The allegations in Paragraph 44 state legal conclusions to which no response is required.  The Form CMS 37 referred to in Paragraph 44 speaks for itself, and Defendants deny any characterizations thereof.

45.     The allegations in Paragraph 45 state legal conclusions to which no response is required.  The Form CMS 64 referred to in Paragraph 45 speaks for itself, and Defendants deny any characterizations thereof.

46.     The allegations in Paragraph 46 state legal conclusions to which no response is required.  The statute referred to in Paragraph 46 speaks for itself, and Defendants deny any characterization thereof.

47.     No response is required because the Court dismissed with prejudice Relators' Claim for Relief arising under the Anti-Kickback Statute per the Order.  The allegations in Paragraph 47 state legal conclusions to which no response is required.  The statutes and regulations referred to in Paragraph 47 speak for themselves, and Defendants deny any characterizations thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 47.

### The Arizona Health Care Cost Containment System (AHCCCS)

48.     The allegations in Paragraph 48 are vague and ambiguous, and Defendants deny them on that basis.  To the extent Paragraph 48 incorporates characterizations of the Arizona Health Care Cost Containment System ("AHCCCS") and Medicaid managed care that are set out in other Paragraphs, Defendants incorporate their answer to each of those paragraphs here.

49.     The allegations in Paragraph 49 state legal conclusions to which no response is required.  To the extent Paragraph 49 references contracts to which Defendants IASIS and Health Choice are not parties, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 49.  To the extent Paragraph 49 references the Acute Care Contract between AHCCCS and Health Choice Arizona, No. YH14-0001 (the "Contract"), both the Contract and the regulations referred to in Paragraph 49 speak for themselves, and Defendants deny any characterizations thereof.

50.     The allegations in Paragraph 50 state legal conclusions to which no response is required.  To the extent Paragraph 50 references contracts to which

Defendants IASIS and Health Choice are not parties, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 50.  To the extent Paragraph 50 references the Contract, both the Contract and the regulations referred to in Paragraph 50 speak for themselves, and Defendants deny any characterizations thereof.

51.   To the extent Paragraph 51 references AHCCCS contractors other than Defendant Health Choice, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 51.  Subject to this qualification, Defendants admit that Health Choice Arizona developed a network of sub-contracted providers.  Defendants deny the remaining allegations in Paragraph 51.

52.   The allegations in Paragraph 52 state legal conclusions to which no response is required.  To the extent Paragraph 52 references contracts to which Defendants IASIS and Health Choice are not parties, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 52.  To the extent Paragraph 52 references the Contract, the AHCCCS RFP No. YH14-0001 and certain regulatory provisions, those documents speak for themselves and Defendants deny any characterizations thereof.

53.   The allegations in Paragraph 53 state legal conclusions to which no response is required.  To the extent Paragraph 53 references contracts to which Defendants IASIS and Health Choice are not parties, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 53.  To the extent Paragraph 53 references the Contract and any subcontracts thereunder, those documents speak for themselves and Defendants deny any characterizations thereof.

54.   No response is required because the allegations in Paragraph 54 relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in the Court's Order.  The allegations in Paragraph 54 state legal conclusions to which no response is required.  The AHCCCS Minimum Subcontract Provisions, and any

regulatory provisions cited therein, speak for themselves, and Defendants deny any characterizations thereof.

55.     The allegations in Paragraph 55 state legal conclusions to which no response is required.  To the extent Paragraph 55 references contracts to which Defendants IASIS and Health Choice are not parties, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 55.  To the extent Paragraph 55 references the Contract and any subcontracts thereof, those documents speak for themselves and Defendants deny any characterizations thereof.

56.     The allegations in Paragraph 56 state legal conclusions to which no response is required.  To the extent Paragraph 56 references contracts to which Defendants IASIS and Health Choice are not parties, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 56.  To the extent Paragraph 56 references the Contract, the document speaks for itself and Defendants deny any characterizations thereof.

57.     The allegations in Paragraph 57 state legal conclusions to which no response is required.  To the extent Paragraph 57 references contracts to which Defendants IASIS and Health Choice are not parties, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 57.  To the extent Paragraph 57 references the Contract and any federal regulations, those documents speak for themselves and Defendants deny any characterizations thereof.

58.     The allegations in Paragraph 58 state legal conclusions to which no response is required.  The AHCCCS Medical Policy Manual speaks for itself, and Defendants deny any characterizations thereof.

59.     The AHCCCS Medical Policy Manual speaks for itself, and Defendants deny any characterizations thereof.

60.     The allegations in Paragraph 60 state legal conclusions to which no response is required.  The regulatory provisions referred to in Paragraph 60 speak for themselves, and Defendants deny any characterizations thereof.

61.     The allegations in Paragraph 61 state legal conclusions to which no response is required.  The regulatory provisions referred to in Paragraph 61 speak for themselves, and Defendants deny any characterizations thereof.

62.     To the extent Relators allege a "kickback scheme" in Paragraph 62, no response is required because the Court dismissed with prejudice Relators' Claim for Relief arising under the Anti-Kickback Statute per the Order.  The allegations in Paragraph 62 further state legal conclusions to which no response is required.  The documents referred to in Paragraph 62 speak for themselves, and Defendants deny any characterizations thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 62.

## MATERIAL OBLIGATIONS AND REQUIREMENTS OF CONTRACTORS AND SUBCONTRACTORS

### Medical Necessity, Cost Effectiveness and Compliance with Federal and State Guidelines, Policies and Manuals

63.     The allegations in Paragraph 63 state legal conclusions to which no response is required.  To the extent Paragraph 63 references contracts to which Defendants IASIS and Health Choice are not parties, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 63.  The RFP to which Health Choice responded, Health Choice's contract with AHCCCS, and the regulations referred to in Paragraph 63 speak for themselves, and Defendants deny any characterizations thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 63.

64.     To the extent Relators reference a term referred to or defined in the Contract, that document speaks for itself and Defendants deny any characterization thereof.

65.     The allegations in Paragraph 65 state legal conclusions to which no response is required.  The provisions of the Arizona Administrative Code cited in Paragraph 66 speak for themselves, and Defendants deny any characterizations thereof.

66.     The allegations in Paragraph 66 state legal conclusions to which no response is required.  The statutory and regulatory provisions in Paragraph 66 speak for themselves, and Defendants deny any characterizations thereof.

67.     The allegations in Paragraph 67 state legal conclusions to which no response is required.  The AHCCCS Medical Policy Manual and any regulatory provisions cited therein speak for themselves, and Defendants deny any characterizations thereof.

### *Quality of Care—Credentialing and Network Development*

68.     The allegations in Paragraph 68 state legal conclusions to which no response is required.  The AHCCCS Acute Care RFP dated November 1, 2012 speaks for itself, and Defendants deny any characterizations thereof.

69.     To the extent Paragraph 69 characterizes any contractual, regulatory, or statutory provisions, those provisions speak for themselves, and Defendants deny any characterizations thereof.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 69.

### *Provider Enrollment and Participation in AHCCCS*

70.     The allegations in Paragraph 70 state legal conclusions to which no response is required.  The AHCCCS regulations speak for themselves, and Defendants deny any characterizations thereof.

71.     The allegations in Paragraph 71 state legal conclusions to which no response is required.  The AHCCCS Provider Participation Agreement speaks for itself, and Defendants deny any characterizations thereof.

### *Profit Control Measures and Limitations*

72.     No response is required because the allegations in Paragraph 72 regarding profit- and loss-sharing requirements are not relevant to the claims that remain following

the Court's Order dismissing certain parties and counts with prejudice.  The allegations in Paragraph 72 state legal conclusions to which no response is required.  The AHCCCS Contractor's Operations Manual speaks for itself, and Defendants deny any characterizations thereof.

73.   No response is required because the allegations in Paragraph 73 regarding profit- and loss-sharing requirements are not relevant to the claims that remain following the Court's Order dismissing certain parties and counts with prejudice.  The allegations in Paragraph 73 state legal conclusions to which no response is required.  The AHCCCS Contractor's Operations Manual speaks for itself, and Defendants deny any characterizations thereof.

## IASIS AND HEALTH CHOICE CONTRACTS WITH AHCCCS

74.   No response is required because the allegations in Paragraph 74 regarding the Medicare Advantage Prescription Drug Special Needs Plan are not relevant to the claims that remain following the Court's Order dismissing certain parties and counts with prejudice.  Defendants admit that that Health Choice Arizona is a Medicaid managed care plan operated by Health Choice Arizona, Inc., and that the Plan derives all of its revenue from a contract with AHCCCS.  Defendants admit that under this contract, the Plan provides specified healthcare services to eligible Medicaid enrollees.  The contract between Health Choice and AHCCCS referenced in Paragraph 74 speaks for itself, and Defendants deny any characterization thereof.

75.   Defendants deny that IASIS contracts with AHCCCS.  Defendants state that IASIS's publicly-available financial reporting covering the time period alleged in Paragraph 75 speaks for itself, and Defendants deny any characterization thereof.  Defendants deny the remaining allegations in Paragraph 75.

76.   The contract referred to in Paragraph 76 speaks for itself, and Defendants deny any characterizations thereof.  Subject to this qualification, Defendants admit that Health Choice subcontracted with certain hospitals, physicians, and other medical providers in Arizona, some of which were corporate affiliates of IASIS.

14

77.    The contracts referred to in Paragraph 77 speak for themselves, and Defendants deny any characterizations thereof.

### DEFENDANTS' SCHEMES TO KNOWINGLY AND INTENTIONALLY DEFRAUD AHCCCS

*Anti-Kickback Violations: The "Gold Card" System of "Waivers" of Mandatory and Required Prior Authorizations for Services*

78.    To the extent the allegations in Paragraph 78 implicate conduct that occurred prior to May 2009, no response is required because such claims are barred by the statute of limitations.  31 U.S.C. § 3731(b)(1).    Defendants deny the remaining allegations in Paragraph 78.

79.    No response is required because the Court dismissed with prejudice claims based on alleged violations of the Anti-Kickback Statute in its Order.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 79.

80.    Defendants deny the allegations in Paragraph 80.

81.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 81 regarding conduct by third parties. The allegations in Paragraph 81 are vague and ambiguous, and Defendants deny them on that basis.  To the extent further response is deemed required, Defendants deny the remaining allegations in Paragraph 81.

82.    Defendants admit that Drs. Goodman & Partridge, LLC and Genesis OB/GYN were granted Gold Card status in 2012.  To the extent Paragraph 82 advances any characterization of that status, Defendants deny that characterization.

83.    Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 83 regarding conduct by third parties. Defendants admit that a meeting occurred between MSI and Health Choice on July 16, 2015, and that information regarding operational statistics was presented at that meeting. The document referred to in Paragraph 83 speaks for itself, and Defendants deny any characterization thereof.

15

84.     To the extent Paragraph 84 references conduct by parties other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties with prejudice in its Order.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 84 regarding conduct by third parties.  The document referred to in Paragraph 84 speaks for itself, and Defendants deny any characterization thereof.

85.     To the extent Paragraph 85 references conduct by parties other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties with prejudice in its Order.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 85 regarding conduct by third parties.  The allegations in Paragraph 85 are vague and ambiguous, and Defendants deny them on that basis.  The document referred to in Paragraph 85 speaks for itself, and Defendants deny any characterization thereof.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants admit that Casey Osborne participated in an email exchange on February 10, 2015.  These documents speak for themselves, and Defendants deny any characterization thereof.

88.     Defendants admit that emails were sent between Relator Nowak, Relator Gutzwiller, and Casey Osborne on February 11, 2015.  These documents speak for themselves, and Defendants deny any characterization thereof.  Defendants deny the remaining allegations contained in Paragraph 88.

89.     Defendants admit that Relator Gutzwiller wrote an email to Casey Osborne and Relator Nowak on February 10, 2015.  This document speaks for itself, and Defendants deny any characterization thereof.  Defendants deny the remaining allegations contained in Paragraph 89.

90.     The allegations in Paragraph 90 state legal conclusions to which no response is required.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 state legal conclusions to which no response is required.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 91.

92.     No response is required because the allegations in Paragraph 92 relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in the Court's Order.  To the extent Paragraph 92 references conduct by parties other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties with prejudice in its Order.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 92 regarding conduct by third parties.  The allegations in Paragraph 92 further state legal conclusions to which no response is required. To the extent further response is deemed required, Defendants deny the allegations in Paragraph 92.

[90.]   Defendants admit that Relator Cohen participated in an email exchange regarding a claim denial in April 2015.  This document speaks for itself, and Defendants deny any characterization thereof.  Defendants deny the remaining allegations contained in Paragraph [90].

93.     Defendants admit that Linda Moseley wrote an email regarding a claim denial in April 2015.  This document speaks for itself, and Defendants deny any characterization thereof.  Defendants deny the remaining allegations contained in Paragraph 93.

94.     Defendants admit that Relator Cohen and Linda Moseley participated in an email exchange regarding a claim denial in April 2015.  This document speaks for itself, and Defendants deny any characterization thereof.   Defendants deny the remaining allegations contained in Paragraph 94.

95.     To the extent Paragraph 95 references conduct by parties other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties with prejudice in its Order.  Defendants deny the remaining allegations in Paragraph 95.

96.     No response is required because the allegations in Paragraph 96 relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in the Court's Order.  To the extent Paragraph 96 references conduct by parties other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties with prejudice in its Order.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 96 regarding conduct by third parties.  The allegations in Paragraph 96 further state legal conclusions to which no response is required. Defendants admit that Gail Bullard wrote an email on March 16, 2015.  This document speaks for itself, and Defendants deny any characterization thereof.  Defendants deny the remaining allegations contained in Paragraph 96.

97.     To the extent Paragraph 97 makes allegations regarding third-party conduct, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 97 regarding conduct by third parties. Defendants admit that Doug Wiese wrote an email to Gail Bullard on April 24, 2015. This document speaks for itself, and Defendants deny any characterization thereof.

98.     The allegations in Paragraph 98 state a legal conclusion to which no response is required.  The AHCCCS Medical Policy Manual provision referenced in Paragraph 98 speaks for itself, and Defendants deny any characterizations thereof.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 98.

99.     No response is required because the allegations in Paragraph 99 relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in the Court's Order.  The allegations in Paragraph 99 state legal conclusions to which no

response is required.  To the extent Paragraph 99 references conduct by entities other than Defendants IASIS and Health Choice, no response is required because those entities are not parties to this action, or because the Court dismissed claims against those parties with prejudice in its Order.  To the extent further response is deemed required, Defendants deny the remaining allegations in Paragraph 99.

100.   No response is required because the allegations in Paragraph 100 relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in the Court's Order.  The allegations in Paragraph 100 state legal conclusions to which no response is required.  To the extent Paragraph 100 references conduct by parties other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties with prejudice in its Order.  To the extent that any further response is deemed required, Defendants deny the allegations in Paragraph 100.

101.   No response is required because the allegations in Paragraph 101 relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in the Court's Order.  The allegations in Paragraph 101 state legal conclusions to which no response is required.  To the extent Paragraph 101 references conduct by entities other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties with prejudice in its Order.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 101.  To the extent the documents referenced in Paragraph 101 exist, those documents speak for themselves and Defendants deny any characterizations thereof.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 101.

102.   No response is required because the allegations in Paragraph 102 relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in the Court's Order.  The allegations in Paragraph 102 state legal conclusions to which no response is required.  To the extent Paragraph 102 references conduct by entities other than Defendants IASIS and Health Choice, no response is required because the Court

dismissed claims against those parties with prejudice in its Order.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 102 regarding conduct by third parties.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 102.

103.    No response is required because the Court dismissed with prejudice Relators' Claim for Relief arising under the Anti-Kickback Statute per the Order.  To the extent Paragraph 103 references conduct by entities other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties in its Order.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 103 regarding conduct by third parties.  To the extent further response is deemed required, Defendants deny the allegations in 103.

104.    No response is required because the allegations in Paragraph 104 relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in the Court's Order.  The allegations in Paragraph 104 state legal conclusions to which no response is required.  To the extent Paragraph 104 references conduct by entities other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties with prejudice in its Order.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 104 regarding conduct by third parties.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 104.

105.    The allegations in Paragraph 105 state legal conclusions to which no response is required.  Defendants deny the remaining allegations in Paragraph 105.

106.    The allegations in Paragraph 106 state legal conclusions to which no response is required.  Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 106.  To the extent the document referenced in Paragraph 106 exists, that document speaks for itself, and

Defendants deny any characterization thereof. To the extent further response is deemed required, Defendants deny the allegations in Paragraph 106.

### Kickbacks to Participating Clinics to Underwrite Their Costs of Obtaining Prior Authorizations

107.    No response is required because the Court dismissed with prejudice claims based on alleged violations of the Anti-Kickback Statute in its Order. The allegations in Paragraph 107 further state legal conclusions to which no response is required.   To the extent further response is deemed required, Defendants deny the allegations in Paragraph 107.

108.    No response is required because the Court dismissed with prejudice claims based on alleged violations of the Anti-Kickback Statute in its Order.  To the extent Paragraph 108 references conduct by parties other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties with prejudice in its Order.  To the extent the document referenced in Paragraph 108 exists, that document speaks for itself and Defendants deny any characterization thereof.

109.    No response is required because the Court dismissed with prejudice claims based on alleged violations of the Anti-Kickback Statute in its Order.  To the extent Paragraph 109 references conduct by parties other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties with prejudice in its Order.  To the extent the document referenced in Paragraph 109 exists, that document speaks for itself and Defendants deny any characterization thereof. To the extent further response is deemed required, Defendants deny the allegations in Paragraph 109.

110.    No response is required because the Court dismissed with prejudice claims based on alleged violations of the Anti-Kickback Statute in its Order.  To the extent Paragraph 110 references conduct by parties other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties with prejudice in its Order.  To the extent the documents referenced in Paragraph 110

1    exist, those documents speak for themselves and Defendants deny any characterization

2    thereof.  To the extent further response is deemed required, Defendants deny the

3    allegations in Paragraph 110.

4         111.    No response is required because the Court dismissed with prejudice claims

5    based on alleged violations of the Anti-Kickback Statute in its Order.  To the extent

6    Paragraph 111 references conduct by parties other than Defendants IASIS and Health

7    Choice, no response is required because the Court dismissed claims against those parties

8    with prejudice in its Order.  To the extent the document referenced in Paragraph 111

9    exists, that document speaks for itself and Defendants deny any characterization thereof.

10   To the extent further response is deemed required, Defendants deny the allegations in

11   Paragraph 111.

12        112.    No response is required because the Court dismissed with prejudice claims

13   based on alleged violations of the Anti-Kickback Statute in its Order.  To the extent

14   Paragraph 112 references conduct by parties other than Defendants IASIS and Health

15   Choice, no response is required because the Court dismissed claims against those parties

16   with prejudice in its Order.  The allegations in Paragraph 112 further state legal

17   conclusions to which no response is required.   To the extent further response is deemed

18   required, Defendants deny the allegations in Paragraph 112.

19
20   **Anti-Kickback Violations: The "Platinum Status" System to Bypass Claims
     Review, Direct Payment of Any Submitted Claim and
     "Administrative Approval" of Claims**
21

22        113.    No response is required to the extent that the allegations in Paragraph 113

23   relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in

24   the Court's Order.  To the extent Paragraph 113 references conduct by parties other than

25   Defendants IASIS and Health Choice, no response is required because the Court

26   dismissed claims against those parties with prejudice in its Order.  The allegations in

27   Paragraph 113 further state legal conclusions to which no response is required.   To the

28

1   extent further response is deemed required, Defendants deny the allegations in Paragraph
2   113.

3       114.   No response is required to the extent that the allegations in Paragraph 114
4   relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in
5   the Court's Order.  The allegations in Paragraph 114 are vague and ambiguous, and
6   Defendants deny them on that basis.  To the extent further response is deemed required,
7   Defendants deny the allegations in Paragraph 114.

8       115.   No response is required to the extent that the allegations in Paragraph 115
9   relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in
10  the Court's Order.  The allegations in Paragraph 115 are vague and ambiguous, and
11  Defendants deny them on that basis.  To the extent further response is deemed required,
12  Defendants deny the allegations in Paragraph 115.

13      116.   No response is required to the extent that the allegations in Paragraph 116
14  relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in
15  the Court's Order.  The allegations in Paragraph 116 are vague and ambiguous, and
16  Defendants deny them on that basis.  Defendants deny the allegations in Paragraph 116.

17      117.   No response is required to the extent that the allegations in Paragraph 117
18  relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in
19  the Court's Order.  The allegations in Paragraph 117 state legal conclusions to which no
20  response is required.  To the extent further response is deemed required, Defendants
21  deny the allegations in Paragraph 117.

22      118.   No response is required to the extent that the allegations in Paragraph 118
23  relate to claims under the Anti-Kickback Statute, which were dismissed with prejudice in
24  the Court's Order.  Defendants lack sufficient knowledge or information to form a belief
25  as to the truth or falsity of the allegations in Paragraph 118 regarding conduct by third
26  parties.  Defendants admit that Tida Garcia wrote an email to Matthew Kingry on June
27  18, 2015.  That document speaks for itself, and Defendants deny any characterization
28  thereof.

***Reckless Disregard of Truth or Falsity of Claims: Creation of False "Prior Authorization" Codes to Permit Payment of Claims for Which Required Prior Authorization and Medical Necessity Determination Was Not Obtained***

119.   The allegations in Paragraph 119 are vague and ambiguous, and Defendants deny them on that basis.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 119.

120.   The allegations in Paragraph 120 state legal conclusions to which no response is required.  The contract referenced in Paragraph 120 speaks for itself, and Defendants deny any characterizations thereof.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 120.

121.   Defendants deny the allegations in Paragraph 121.

122.   The allegations in Paragraph 122 are vague and ambiguous, and Defendants deny them on that basis.

123.   Defendants deny the allegations in Paragraph 123.

124.   The allegations in Paragraph 124 state legal conclusions to which no response is required.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 124.

***Reckless Disregard of Medical Necessity: Health Choice Failed and Refused to Apply Consistent Criteria to Any Prior Authorization Medical Decisions***

125.   Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 125.  To the extent the allegations in Paragraph 125 implicate conduct that occurred prior to May 2009, no response is required because such claims are barred by the statute of limitations.  31 U.S.C. § 3731(b)(1).

126.   The allegations in Paragraph 126 are vague and ambiguous, and Defendants deny them on that basis.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 126.

127.   To the extent the allegations in Paragraph 127 implicate conduct that occurred prior to May 2009, no response is required because such claims are barred by

1    the statute of limitations.  31 U.S.C. § 3731(b)(1).  Defendants deny the remaining

2    allegations in Paragraph 127.

3        128.    The allegations in Paragraph 128 state legal conclusions to which no

4    response is required.  To the extent further response is deemed required, Defendants

5    deny the allegations in Paragraph 128.

6        ***Reckless Disregard of Medical Necessity: Special Dispute Resolution***

7        ***Processes for IASIS Facilities***

8        129.    To the extent Paragraph 129 references conduct by parties other than

9    Defendants IASIS and Health Choice, no response is required because the Court

10   dismissed claims against those parties with prejudice in its Order.  The allegations in

11   Paragraph 129 state legal conclusions to which no response is required.   To the extent

12   further response is deemed required, Defendants deny the allegations in Paragraph 129.

13       130.    The allegations in Paragraph 130 state legal conclusions to which no

14   response is required.

15       131.    The allegations in Paragraph 131 state legal conclusions to which no

16   response is required.  To the extent further response is deemed required, Defendants

17   deny the allegations in Paragraph 131.

18       132.    To the extent the allegations in Paragraph 132 implicate conduct by St.

19   Luke's Medical Center, no response is required because the Court dismissed with

20   prejudice all claims against St. Luke's Medical Center in its Order.  Defendants admit

21   that St. Luke's Medical Center is owned by IASIS.  Defendants admit that an email was

22   sent on March 9, 2015 regarding a denial of a claim at St. Luke's Medical Center.

23   Defendants admit that a response to this email was sent from Health Choice to St.

24   Luke's.  These documents speak for themselves, and Defendants deny any

25   characterization thereof.

26       133.    To the extent the allegations in Paragraph 133 implicate conduct by St.

27   Luke's, no response is required because the Court dismissed with prejudice all claims

28   against St. Luke's in its Order.  Defendants admit that Yolanda Crudder wrote an email

in March 2015.  This document speaks for itself, and Defendants deny any characterization thereof.

134.   Defendants deny the allegations in Paragraph 134.

135.   Defendants deny the allegations in Paragraph 135.

136.   The allegations in Paragraph 136 are vague and ambiguous, and Defendants deny them on that basis.  Defendants admit that Karen Coppock wrote an email to Clarissa Angel on March 31, 2015.  That document speaks for itself, and Defendants deny any characterizations thereof.

137.   Defendants admit that Clarissa Angel wrote an email to Karen Coppock on March 31, 2015.  That document speaks for itself, and Defendants deny any characterizations thereof.

138.   Defendants deny the allegations in Paragraph 138.

139.   Defendants deny the allegations in Paragraph 139.

### *Reckless Disregard of Medical Qualifications of Its Providers: Failing to Maintain and Require Proper Credentialing of Its Provider Network*

140.   Defendants deny that IASIS is party to any contract with AHCCCS.  The allegations in Paragraph 140 state legal conclusions to which no response is required, and Defendants therefore deny those allegations.  The document referenced in Paragraph 140 speaks for itself, and Defendants deny any characterization thereof.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 140.

141.   Defendants deny the allegations in Paragraph 141.

142.   Defendants deny the allegations in Paragraph 142.

143.   Defendants deny the allegations in Paragraph 143.

144.   Defendants deny the allegations in Paragraph 144.

145.   The allegations in Paragraph 145 state legal conclusions to which no response is required.  The allegations in Paragraph 145 are vague and ambiguous, and Defendants deny them on that basis.  Defendants deny the remaining allegations in Paragraph 145.

146.    To the extent Paragraph 146 references conduct by parties other than Defendants IASIS and Health Choice, no response is required because the Court dismissed claims against those parties with prejudice in its Order.  The allegations in Paragraph 146 state legal conclusions to which no response is required.   To the extent further response is deemed required, Defendants deny the allegations in Paragraph 146.

147.    Defendants admit that a credentialing review was undertaken in August 2015.  The results of that review speak for themselves, and Defendants deny any characterizations thereof.  Defendants deny the remaining allegations in Paragraph 147.

## HEALTH CHOICE HAS ACTUAL KNOWLEDGE OF ITS FAILURE TO PERFORM MATERIAL REQUIREMENTS OF ITS CONTRACT WITH AHCCCS

148.    The allegations in Paragraph 148 state legal conclusions to which no response is required.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 148.

149.    The allegations in Paragraph 149 state legal conclusions to which no response is required.  Defendants admit that Health Choice submitted documentation and made representations to AHCCCS in connection with its bid for AHCCCS RFP No. YH14-0001.  Defendants deny that any of those representations were false.  Defendants deny the remaining allegations in Paragraph 149.

150.    The allegations in Paragraph 150 state legal conclusions to which no response is required.  The document referred to in Paragraph 150 speaks for itself, and Defendants deny any characterizations thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 150.

151.    The allegations in Paragraph 151 state legal conclusions to which no response is required.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 151.

152.    No response is required because the Court dismissed with prejudice Relators' Claim for Relief arising under the Anti-Kickback Statute per the Order.  The

allegations in Paragraph 152 state legal conclusions to which no response is required. To the extent Paragraph 152 references conduct by third parties, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of those allegations.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 152.

153.   The allegations in Paragraph 153 state legal conclusions to which no response is required.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 153.

154.   Defendants admit that the Compliance Audit Department conducts routine audits of prior authorizations.  The remaining allegations in Paragraph 154 are vague and ambiguous, and Defendants deny them on that basis.  To the extent further response is deemed required, Defendants deny the allegations in Paragraph 154.

155.   No response is required because the allegations in Paragraph 155 regarding Health Choice Generations are not relevant to the remaining claims.  Subject to this qualification, Defendants admit that audits of prior authorizations were conducted in March and April 2015.  The results of those audits speak for themselves and Defendants deny any characterizations thereof.

156.   Defendants deny the allegations in Paragraph 156.

157.   Defendants deny the allegations in Paragraph 157.

158.   Defendants admit that a document entitled "IASIS Health Choice FY13 Strategic Plan" exists.  That document speaks for itself and Defendants deny any characterizations thereof.

159.   Defendants admit that Ernst & Young produced a Fiscal Year 2014 Health Choice Audit report.  That document speaks for itself, and Defendants deny any characterization thereof.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 state legal conclusions to which no response is required.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 state legal conclusions to which no response is required.  To the extent any further response is deemed required, Defendants deny the allegations in Paragraph 161.

## FIRST CLAIM FOR RELIEF

162.    Defendants repeat and incorporate by reference their answers to Paragraphs 1-161 above.

163.    No response is required because the Court dismissed Count I with prejudice pursuant to the Order.  (Order at 35.)

164.    No response is required because the Court dismissed Count I with prejudice pursuant to the Order.  (Order at 35.)

165.    No response is required because the Court dismissed Count I with prejudice pursuant to the Order.  (Order at 35.)

166.    No response is required because the Court dismissed Count I with prejudice pursuant to the Order.  (Order at 35.)

167.    No response is required because the Court dismissed Count I with prejudice pursuant to the Order.  (Order at 35.)

## SECOND CLAIM FOR RELIEF

168.    Defendants repeat and incorporate by reference their answers to Paragraphs 1-167 above.

169.    Defendants deny the allegations in Paragraph 169.

170.    Defendants deny the allegations in Paragraph 170.

171.    Defendants deny the allegations in Paragraph 171.  Defendants further state that no response is required because (a) Relators identify no relevant contract

between IASIS and any state or federal payor; (b) Relators identify no payments from IASIS to any provider for services under the Arizona Medicaid system; and (c) Relators identify no "bill" submitted by Health Choice to AHCCCS, CMS, or any other federal health care program administrator.

172.    Defendants deny the allegations in Paragraph 172.

## THIRD CLAIM FOR RELIEF

173.    Defendants repeat and incorporate by reference their answers to Paragraphs 1-172 above.

174.    No response is required because the Court dismissed Count III with prejudice pursuant to the Order.  (Order at 35.)

175.    No response is required because the Court dismissed Count III with prejudice pursuant to the Order.  (Order at 35.)

176.    No response is required because the Court dismissed Count III with prejudice pursuant to the Order.  (Order at 35.)

177.    No response is required because the Court dismissed Count III with prejudice pursuant to the Order.  (Order at 35.)

## FOURTH CLAIM FOR RELIEF

178.    Defendants repeat and incorporate by reference their answers to Paragraphs 1-177 above.

179.    No response is required because the Court dismissed Count IV with prejudice pursuant to the Order.  (Order at 35.)

180.    No response is required because the Court dismissed Count IV with prejudice pursuant to the Order.  (Order at 35.)

181.    No response is required because the Court dismissed Count IV with prejudice pursuant to the Order.  (Order at 35.)

**PRAYER FOR RELIEF**

182.    Defendants deny that Relators have any right to any of the relief requested from Defendants under any legal theory, including the relief set forth in Paragraph 182.

**DEMAND FOR TRIAL BY JURY**

183.    No response is required to the allegations in Paragraph 183.

## ADDITIONAL/AFFIRMATIVE DEFENSES

Without assuming any burden of proof that properly sits with another party, Defendants assert the following additional defenses:

### FIRST DEFENSE

The TAC fails in whole or in part to state a claim on which relief can be granted to Relators, and Defendants incorporate herein their Motion to Dismiss the TAC.

### SECOND DEFENSE

The TAC and each purported cause of action set forth therein fails to comply with Federal Rule of Civil Procedure 9(b) in that the allegations are not stated with particularity.

### THIRD DEFENSE

The TAC fails to state a claim on which relief can be granted against Defendant IASIS Healthcare, and Defendants incorporate herein their Motion to Dismiss the TAC.

### FOURTH DEFENSE

Relators fail to allege Defendants' intent sufficient to state a claim pursuant to the False Claims Act, and Defendants did not "knowingly" act in violation of the False Claims Act.  Further, Defendants acted in good faith and not with any improper or illegal purpose, intent, or knowledge.

### FIFTH DEFENSE

Relators' claims are barred, in whole or in part, because Defendants' conduct was in compliance with, or authorized by, laws and regulations administered by any regulatory body or officer acting under Arizona or federal statutory authority.

### SIXTH DEFENSE

The damages alleged by Relators, if any, are the result of acts or omissions committed by third persons over whom Defendants had neither control nor responsibility, and whose actions or inactions cannot be imputed to Defendants.

**SEVENTH DEFENSE**

Even if true, the TAC's allegations of Defendants' conduct was not material to the payment of any alleged false or fraudulent claim.

**EIGHTH DEFENSE**

Any inaccurate or incorrect claim Defendants allegedly made or caused to be made were not material.

**NINTH DEFENSE**

Relators' claims are barred, in whole or in part, by the learned intermediary and sophisticated user doctrines, and similar legal doctrines.

**TENTH DEFENSE**

Relators' claims are barred because they rely upon ambiguous provisions of the False Claims Act and other provisions of law, and the rule of lenity requires such ambiguities to be construed in Defendants' favor.

**ELEVENTH DEFENSE**

Relators' claims are barred, in whole or in part, because the alleged conduct of employees cannot be imputed to Defendants under the doctrine of respondeat superior.

**TWELFTH DEFENSE**

Relators' claims are barred because Defendants have not made, or caused to be made, any false claims for payment.

**THIRTEENTH DEFENSE**

Relators' claims are barred, in whole or in part, by the statute of limitations.

**FOURTEENTH DEFENSE**

Relators' claims are barred, in whole or in part, by the doctrine of ratification.

**FIFTEENTH DEFENSE**

Relators' claims are barred, in whole or in part, under the doctrine of laches.

**SIXTEENTH DEFENSE**

Relators' claims are barred, in whole or in part, under the doctrine of unclean hands, fraud, and/or by Relators' own improper conduct.

## SEVENTEENTH DEFENSE

Relators' claims are barred, in whole or in part, under the doctrine of release.

## EIGHTEENTH DEFENSE

Relators' claims are barred, in whole or in part, under the doctrine of estoppel.

## NINETEENTH DEFENSE

Relators' claims are barred, in whole or in part, under the doctrine of waiver.

## TWENTIETH DEFENSE

Relators' claims are barred, in whole or in part, because the United States and/or AHCCCS had actual or constructive knowledge of the relevant facts and therefore Relators' claims are not false or knowingly false and, alternatively, the United States and/or AHCCCS was not defrauded.

## TWENTY-FIRST DEFENSE

An award of statutory or punitive damages would violate Defendants' rights to due process, and Relators' claim for damages is thus barred by the Constitution of the United States and Article 2 of the Arizona Constitution.

## TWENTY-SECOND DEFENSE

Penalties and treble damages authorized under the False Claims Act so exceed any actual loss incurred by the government as a result of any claims paid, that the Act violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and therefore is void.

34

WHEREFORE, having fully answered Relators' TAC, Defendants ask that judgment be entered against Relators and in favor of Defendants.

RESPECTFULLY SUBMITTED this 21st day of November, 2016.

Respectfully submitted,

By /s/ *Kirsten V. Mayer*

Kirsten V. Mayer, MA 614567 (*pro hac vice*)
Kathryn E. Wilhelm, MA 682089 (*pro hac vice*)
Mark S. Gaioni, MA 688438 (*pro hac vice*)
Ropes & Gray, LLP
Prudential Tower, 800 Boylston Street
Boston, MA  02199-3600
(617) 951-7000
Kirsten.Mayer@ropesgray.com
Kathryn.Wilhelm@ropesgray.com
Mark.Gaioni@ropesgray.com

Lee David Stein (#012368)
Anne Michelle Chapman (#025965)
Mitchell Stein Carey
MITCHELL | STEIN | CAREY, PC
One Renaissance Square
2 North Central Avenue, Suite 1900
Phoenix, AZ 85004
(602) 358-0292
lee@mitchellsteincarey.com
anne@mitchellsteincarey.com

Attorneys for Moving Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document filed through the ECF system on November 21, 2016 will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

 /s/ *Kirsten V. Mayer*