**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Fisher, et al., | No. CV-15-00872-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| IASIS Healthcare LLC, et al., | |
| Defendants. | |

On May 18, 2018, following the District Judge's referral (Doc. 179), the Court held a telephonic hearing concerning three Joint Notices of Discovery Dispute (Docs. 162, 166, 170). This Order sets forth the Court's rulings on the discovery disputes presented in the Joint Notices.

## I. LEGAL STANDARDS

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L.Ed. 2d 253 (1978). In determining proportionality, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A request is adequate if it describes items with "reasonable particularity"; specifies a time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). "Thus, a request is sufficiently clear if it places the party upon reasonable notice of what is called for and what is not." *Richmond v. Mission Bank*, 2015 WL 1637835, at *2 (E.D. Cal. Apr. 13, 2015) (internal citation and quotation marks omitted). The responding party must respond in writing and is obliged to produce all specified relevant and nonprivileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Alternatively, a party may state an objection to a request. Fed. R. Civ. P. 34(b)(2)(C).

## **II. DISCUSSION**

In May 2015, a number of individuals ("Relators") filed this qui tam action under the False Claim Act on behalf of the United States, naming IASIS Healthcare LLC ("IASIS") and Health Choice of Arizona, Inc. ("HCA") as Defendants.[1] The United States declined to intervene. (Doc. 13). Relators are current and former employees of Defendant HCA or one of its affiliates. (Doc. 109 at 2). HCA is a wholly owned subsidiary of IASIS and contracts with the Arizona Health Care Cost Containment System ("AHCCCS"), which is the agency that administers the State of Arizona's Medicaid program. (*Id.*). HCA provides healthcare services to Arizona Medicaid enrollees through subcontracted providers. (*Id.*). This action concerns the State of Arizona's capitation payments to HCA, which include sums expressly allotted to

---

[1] All other Defendants have been dismissed. (Doc. 109 at 35).

compensate HCA for federally mandated cost containment programs. (Doc. 166 at 2). Relators state that "HCA has admitted that the prior authorization ('PA') of medical services is one of those 'core' and 'important' programs for which AHCCCS paid HCA administrative fees." (*Id.*). Relators allege that HCA "decided to cheat on its PA program by automatically approving tens of thousands of PA requests through a process called 'administrative approval,' without performing any part of the required medical necessity review; and then hiding their failures from the State." (*Id.*).

There are a number of disputes regarding discovery requests contained in Relators' third set of Requests for Production of Documents ("RFP Set Three") that were served on Defendants on January 25, 2018. The Joint Notice filed on April 12, 2018 addresses RFP Set Three No. 11, along with a dispute concerning a Rule 30(b)(6) deposition notice. (Doc. 162). The two Joint Notices (Docs. 166, 170) filed on April 25, 2018 concern RFP Set Three Nos. 8, 10, 12, and 13. For the reasons explained below, the Court will deny Relators' requests contained in the Joint Notices (Docs. 162, 166, 170).

**A. "Joint Notice of Discovery Dispute on Plaintiffs-Relators' Requests for Production of Documents, Set Three, and 30(B)(6) Deposition Notice" (Doc. 162)**

On December 12, 2017, Relators issued a Rule 30(b)(6) Notice for HCA's testimony on:
> The relationship between HCA and Instream (and/or IASIS and Instream) including, contractual terms and obligations, any personal, family or non-business relationship between those who work or worked at or invested in HCA (or IASIS) and those who work or worked at or invested in Instream.

(Doc. 162 at 3).

In RFP Set Three No. 11, Relators requested:
> All Documents and Communications that relate to any contract, relationship, or agreement between InStream, and HCA and/or IASIS, including the actual contracts and communications (whether internal to IASIS, interdental to HCA, between IASIS and HCA, or external) about the contracts or relationship with InStream.

(*Id.*). Relators assert that the above documents and testimony "will demonstrate the financial motivation as to why HCA failed to perform the required PA cost control services—it hired an incompetent vendor who had a financial relationship with IASIS and/or its executives." (*Id.*). At the hearing, Relators stated that they deposed the Chief Operating Officer of HCA, who testified that the Chief Executive Officers of IASIS and InStream were friends prior to IASIS entering into the contract with IASIS. Relators have not presented any evidence suggesting that any of IASIS or HCA's executives had a financial conflict of interest.

In objecting to the above requests, Defendants assert that the requests are premised on "Relators' speculative and wholly novel theory [that] is not based on facts" and "amount to a fishing expedition." (*Id.* at 4-5). The Court concurs. It is undisputed that Defendants have produced the InStream contract. Relators have failed to persuade the Court that a financial conflict of interest exists or how the existence of a financial conflict of interest within IASIS or HCA would be materially relevant to the Court's adjudication of the remaining count in this case, Count II of the Third Amended Complaint.[2] (Doc. 109 at 35). After considering the factors set forth in Federal Rule of Civil Procedure 26(b)(1), the Court finds that requiring Defendants to comply with Relators' December 12, 2017 Rule 30(b)(6) notice and to produce further discovery pursuant to RFP Set Three No. 11 would not be proportional to the needs of the case. Relators' request for an order compelling such discovery will be denied. *See Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) (discovery is not to be used for a fishing expedition to investigate mere speculation).

### B. "Joint Notice of Discovery Dispute on Plaintiffs-Relators' Requests for Production of Documents, Set Three [Nos. 8 and 12]" (Doc. 166)

RFP Set Three No. 8 requests "All Documents presented by HCA to AHCCCS each payment period, including but not limited to certifications and patient census, to

---

[2] Count II "asserts violations of the [False Claim Act] based on claims submitted for payment that certify compliance—expressly or impliedly—with various contractual and regulatory requirements material to government funds in violation of 31 U.S.C. §§ 3729(a)(1)(B)." (Doc. 109 at 15).

- 4 -

obtain capitation payments." (Doc. 166 at 2).

RFP Set Three No. 12 requests "All Documents showing the amount paid by AHCCCS to HCA for each payment period." (*Id.* at 3).

Defendants objected to RFP Set Three Nos. 8 and 12 on the ground that they duplicated Relators' first set of RFPs ("RFP Set One"). (*Id.*). Defendants explain that RFP Set One No. 9 requested:
> All communications to AHCCCS regarding compliance or lack of compliance with Health Choice's MCO contract, the existence of a 'Gold Card' - type system of waiver of Prior Authorization, timely payment of claims, timely and consistent contracting and credentialing of providers, medical necessity of services provided and reported as 'paid' on encounter reports, and processes for handling of Prior Authorization requests.

(*Id.* at 4 n.3). Defendants also explain that RFP Set One No. 10 requested "[a]ll certifications of any kind provided by Health Choice to AHCCCS." (*Id.* at 4). Defendants state that on February 15, 2018, they produced deliverables relevant to allegations in the Complaint, "including deliverables related to prior authorization, claims, payment, credentialing, and audit functions[.]" (*Id.*). In light of this prior production, Defendants assert that they have "made a complete, proportionate production of relevant materials responsive to RFP 8, Set Three, to the extent they exist . . . ." (*Id.*). The Court finds that RFP Set Three No. 8 duplicates RFP Set One Nos. 9 and 10. Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court must limit discovery that is "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C). In addition, Relators have not persuaded the Court that Defendants are in possession of additional documents responsive to RFP Set Three No. 8 that are relevant and proportional to the needs of the case. Relators' request for an order compelling a response to RFP Set Three No. 8 will be denied.

In responding to RFP Set Three No. 12, Defendants produced a spreadsheet showing the amount paid by AHCCCS to HCA for each payment period during the relevant time period. (Doc. 166 at 3). The spreadsheet reflects deposits received

electronically directly into HCA's account. Relators do not specify what other documents ought to be produced and have not presented any evidence that any additional documents exist that would be responsive to RFP Set Three No. 12. Relators' request for an order compelling further response to RFP Set Three No. 12 will be denied.

### C. "Joint Notice of Discovery Dispute of Plaintiffs-Relators' Requests for Production of Documents of Documents, Set Three (RFP Nos. 10 and 13)" (Doc. 170)

In RFP Set Three No. 10, Relators requested:
> All Documents that reflect all paid claims for which a prior authorization was approved through "admin approval," including the date the prior authorization was received, the date the prior authorization was approved, the date the claim was paid, the amount paid, name of the Provider, and the type of service that was requested and paid.

(Doc. 170 at 3-4).

> RFP Set Three No. 13 states:
> For all services and procedures reimbursed by HCA that required prior authorization, including those performed by Providers holding a Special Status with HCA, provide data sufficient to identify:
>
> a) The date the prior authorization request was originally submitted to HCA;
>
> b) The nature of the service requested;
>
> c) The name and identification of the Provider;
>
> d) The patient's first name, last name, and middle initial;
>
> e) The disposition of the prior authorization; and
>
> f) The date the prior authorization was adjudicated.

(*Id.* at 4). Relators note that Defendants recently "produced some PA data for November 2012 through February 2016, including the following categories of data: line of business, authorization number, authorization create date, authorization initiated date, event classification, authorization status, service, procedure low, procedure high, service status, service reason determination, verbal notice date, written notice date, service last update date." (*Id.*). Relators explain that Defendants did not produce (i) the time stamp

information for each request; (ii) the identity of the reviewer; and (iii) the provider or patient information. (*Id.*). Yet RFP Set Three Nos. 10 and 13 do not request the time stamp information for each prior authorization request or the identities of the individual reviewing the PA requests.[3] Relators' request for this information will therefore be denied. Regarding the request in RFP Set Three No. 13 for the identities of the providers and patients, the Court does not find that the information is sufficiently relevant and proportional to the needs of the case.

Relators also state that Defendant "provided PA data for only the PA requests that were 'administratively approved.'" (*Id.* at 5). Relators contend that "without data on requests that were adjudicated through other approvals, it is impossible to confirm Defendants' posture on the use of admin approval or prove Relators' allegations that medical necessity review was systemically bypassed." (*Id.*). Relators seek an order compelling Defendants to produce PA data regarding requests that were adjudicated through other approvals. (*Id.*). Yet, as the Court explained at the November 1, 2017 hearing, the issue in this case is "whether the decisions individually made or collectively made as part of a program by the defendants violated the False Claims Act. Those decisions must be evaluated independently, not in comparison to another set of decisions[.]" (Doc. 153 at 45-46). Relators' request for an order compelling further responses to RFP Set Three Nos. 10 and 13 will be denied.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's requests for an order to compel the discovery set forth in the parties' Joint Notices of Discovery Dispute. (Docs. 162, 166, 170).

Dated this 18th day of May, 2018.

*Eileen S. Willett*
Eileen S. Willett
United States Magistrate Judge

---

[3] Relators confirmed at the hearing that the "time stamp" information is separate from the "date the authorization request was originally submitted to HCA" that was requested in RFP Set Three No. 13. Relators explained that they learned of the existence of the "time stamp" information at depositions taken after the issuance of RFP Set Three.

- 7 -